# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| OLA COLEMAN | § | Case No. 12-23978 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/13/2012 . The undersigned trustee was appointed on 06/13/2012 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $          25,000.00

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 13.96 |
| Bank service fees | 157.11 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]      $ | 24,828.93 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6. The deadline for filing non-governmental claims in this case was  11/23/2012  and the deadline for filing governmental claims was  11/23/2012 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7. The Trustee's proposed distribution is attached as **Exhibit D**.

      8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,250.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 3,250.00 , for a total compensation of $ 3,250.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 111.97 , for total expenses of $ 111.97 [2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/28/2015        By:/s/BARRY A. CHATZ
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-23978 ERW | Judge: | Eugene R. Wedoff | Trustee Name: | BARRY A. CHATZ |
|---|---|---|---|---|---|
| Case Name: | OLA COLEMAN | | | Date Filed (f) or Converted (c): | 06/13/2012 (f) |
| | | | | 341(a) Meeting Date: | 08/06/2012 |
| For Period Ending: | 10/28/2015 | | | Claims Bar Date: | 11/23/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CHECKING ACCOUNT | 150.00 | 0.00 | | 0.00 | FA |
| 2. HOUSEHOLD GOODS | 500.00 | 0.00 | | 0.00 | FA |
| 3. CLOTHING | 200.00 | 0.00 | | 0.00 | FA |
| 4. REAL PROPERTY - 6937 South Woodlawn, Chicago (u) | 0.00 | 25,000.00 | | 25,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $850.00    $25,000.00    $25,000.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

The single asset in this case is Debtor's unencumbered parcel of real property located at 6937 South Woodlawn Avenue, Chicago, IL 60637. Debtor attempted to fraudulently transfer the property to a daughter within the preference period. Trustee filed an adversary complaint to recover the property and ultimately entered into a compromise with the Debtor for the purchase of Trustee's interest in the property. All payments have been made, the final tax return is being prepared, and Trustee will review claims and prepare the TDR for submission and approval

| RE PROP # | 1 | -- | CHASE CHICAGO, ILLINOIS |
| RE PROP # | 2 | -- | FURNITURE |
| RE PROP # | 3 | -- | CLOTHING |
| RE PROP # | 4 | -- | DEBTOR TRANSFERRED UNENCUMBERED HOUSE TO DAUGHTER FOR NO VALUE WITHIN PREFERENCE PERIOD; TRUSTEE INVESTIGATING POSSIBLE MARKETING AND SALE OF HOUSE TO BENEFIT CREDITORS OF ESTATE. |

Initial Projected Date of Final Report (TFR): 12/31/2014     Current Projected Date of Final Report (TFR): 06/30/2015

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 12-23978 | Trustee Name: BARRY A. CHATZ |
| Case Name: OLA COLEMAN | Bank Name: Union Bank |
| | Account Number/CD#: XXXXXX0490 |
| | Checking |
| Taxpayer ID No: XX-XXX1610 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 10/28/2015 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/21/15 | | Transfer from Acct # xxxxxx9646 | Transfer of Funds | 9999-000 | $24,828.93 | | $24,828.93 |

| | | |
|---|---|---|
| COLUMN TOTALS | $24,828.93 | $0.00 |
| Less: Bank Transfers/CD's | $24,828.93 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*    Page Subtotals:    $24,828.93    $0.00

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-23978  
Case Name: OLA COLEMAN  
Taxpayer ID No: XX-XXX1610  
For Period Ending: 10/28/2015  

Trustee Name: BARRY A. CHATZ  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX9646  
Checking Account (Non-Interest Earn  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/09/14 | 4 | DEBORAH CULBRETH | LIQUIDATION OF REAL PROPERTY | 1210-000 | $9,000.00 | | $9,000.00 |
| 12/24/14 | 4 | DEBORAH CULBRETH | LIQUIDATION OF REAL PROPERTY | 1210-000 | $5,000.00 | | $14,000.00 |
| 01/08/15 | | BANK OF NEW YORK MELLON | BANK SERVICE FEE | 2600-000 | | $10.00 | $13,990.00 |
| 01/23/15 | 4 | OLA COLEMAN | LIQUIDATION OF REAL PROPERTY | 1210-000 | $5,000.00 | | $18,990.00 |
| 02/04/15 | 300001 | Arthur B. Levine Company Surety Bond Agency 60 East 42nd Street - Room 965 New York, NY 10165 | 2015 Bond Premium | 2300-000 | | $13.96 | $18,976.04 |
| 02/06/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $22.00 | $18,954.04 |
| 03/06/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $25.47 | $18,928.57 |
| 04/01/15 | 4 | OLA COLEMAN | LIQUIDATION OF OTHER ASSET | 1210-000 | $2,000.00 | | $20,928.57 |
| 04/01/15 | 4 | OLA D. COLEMAN | LIQUIDATION OF OTHER ASSET | 1210-000 | $2,500.00 | | $23,428.57 |
| 04/07/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $28.14 | $23,400.43 |
| 04/09/15 | 4 | DEBORAH CULBRETH/OLA COLEMAN | LIQUIDATION OF OTHER ASSET | 1210-000 | $1,500.00 | | $24,900.43 |
| 05/07/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $34.53 | $24,865.90 |
| 06/05/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $36.97 | $24,828.93 |
| 08/21/15 | | Transfer to Acct # xxxxxx0490 | Transfer of Funds | 9999-000 | | $24,828.93 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $25,000.00    $25,000.00

Exhibit B

| | | |
|---|---:|---:|
| COLUMN TOTALS | $25,000.00 | $25,000.00 |
| Less: Bank Transfers/CD's | $0.00 | $24,828.93 |
| Subtotal | $25,000.00 | $171.07 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $25,000.00 | $171.07 |

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0490 - Checking | $0.00 | $0.00 | $24,828.93 |
| XXXXXX9646 - Checking Account (Non-Interest Earn | $25,000.00 | $171.07 | $0.00 |
| | $25,000.00 | $171.07 | $24,828.93 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $25,000.00 |
| Total Gross Receipts: | $25,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-23978-ERW  
Debtor Name: OLA COLEMAN  
Claims Bar Date: 11/23/2012  

Date: October 28, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | BARRY A. CHATZ<br>120 S. RIVERSIDE PLAZA<br>CHICAGO, IL  60606-0000 | Administrative | | $0.00 | $3,250.00 | $3,250.00 |
| 100 2200 | BARRY A. CHATZ<br>120 S. RIVERSIDE PLAZA<br>CHICAGO, IL  60606-0000 | Administrative | | $0.00 | $111.97 | $111.97 |
| 100 3210 | COHEN & KROL<br>105 WEST MADISON STREET<br>SUITE 1100<br>CHICAGO, IL  60602 | Administrative | | $0.00 | $14,375.00 | $14,375.00 |
| 100 3220 | COHEN & KROL<br>105 WEST MADISON STREET<br>SUITE 1100<br>CHICAGO, IL  60602 | Administrative | | $0.00 | $121.15 | $121.15 |
| 100 3410 | POPOWCER KATTEN LTD.<br>35 EAST WACKER DRIVE<br>SUITE 1550<br>CHICAGO, IL  60601-2207 | Administrative | | $0.00 | $825.00 | $825.00 |
| 100 2700 | UNITED STATES BANKRUPTCY COURT<br>219 SOUTH DEARBORN STREET<br>CHICAGO, IL 60604 | Administrative | TRUSTEE DEFERRED ADVERSARY FILING FEE - $293.00 REMAINS UNPAID | $0.00 | $293.00 | $293.00 |
| 1 70 7100 | ATLAS ACQUISITIONS LLC (MCI COMMUNI<br>294 UNION ST.<br>HACKENSACK, NJ  07601 | Unsecured | | $0.00 | $388.03 | $388.03 |
| 2 70 7100 | PORTFOLIO RECOVERY ASSOC. LLC<br>C/O CAPITAL ONE AUTO FINANCE INC.<br>POB 41067<br>NORFOLK, VA  23541 | Unsecured | | $0.00 | $7,756.57 | $7,756.57 |
| 3 70 7100 | JEFFERSON CAPITAL SYSTEMS LLC<br>PURCHASED FROM MOST FUNDING II LLC<br>PO BOX 7999<br>SAINT CLOUD, MN  56302-9617<br>ORIG BY: AT&T MIDWEST | Unsecured | | $0.00 | $424.48 | $424.48 |

Page 1                                        Printed: October 28, 2015

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:12-23978-ERW  Date: October 28, 2015
Debtor Name: OLA COLEMAN
Claims Bar Date: 11/23/2012

| Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|
| Case Totals | | | $0.00 | $27,545.20 | $27,545.20 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2  Printed: October 28, 2015

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-23978  
Case Name: OLA COLEMAN  
Trustee Name: BARRY A. CHATZ

    Balance on hand      $      24,828.93

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BARRY A. CHATZ | $ 3,250.00 | $ 0.00 | $ 3,250.00 |
| Trustee Expenses: BARRY A. CHATZ | $ 111.97 | $ 0.00 | $ 111.97 |
| Attorney for Trustee Fees: COHEN & KROL | $ 14,375.00 | $ 0.00 | $ 14,375.00 |
| Attorney for Trustee Expenses: COHEN & KROL | $ 121.15 | $ 0.00 | $ 121.15 |
| Accountant for Trustee Fees: POPOWCER KATTEN LTD. | $ 825.00 | $ 0.00 | $ 825.00 |
| Charges: UNITED STATES BANKRUPTCY COURT | $ 293.00 | $ 0.00 | $ 293.00 |

    Total to be paid for chapter 7 administrative expenses      $      18,976.12

    Remaining Balance      $      5,852.81

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 8,569.08 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 68.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | ATLAS ACQUISITIONS LLC (MCI COMMUNI | $ 388.03 | $ 0.00 | $ 265.03 |
| 2 | PORTFOLIO RECOVERY ASSOC. LLC | $ 7,756.57 | $ 0.00 | $ 5,297.85 |
| 3 | JEFFERSON CAPITAL SYSTEMS LLC | $ 424.48 | $ 0.00 | $ 289.93 |
| | Total to be paid to timely general unsecured creditors | | | $ 5,852.81 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE